■ LEE W. BAILEY, Appellant, v. RAYMOND P. SCHAEFFNER, Respondent.— In an action to recover damages for personal injury, the plaintiff appeals: (1) from an order of the Supreme Court, Nassau County, dated January 16, 1964, which granted defendant's motion to dismiss the complaint for lack of prosecution pursuant to statute (CPLR 3216); and (2) from an order of said court, made February 18, 1964 upon renewal and reconsideration, which adhered to the original determination. Appeal from original order of January 16, 1964 dismissed, without costs, as academic; that order was superseded by the later order, granting reconsideration. Order of February 18, 1964, insofar as it adheres to the original determination and grants defendant's motion to dismiss the complaint, reversed, with $10 costs and disbursements; and defendant's motion denied. Under the circumstances disclosed by this record, we believe that it was an improvident exercise of discretion to dismiss the complaint for lack of prosecution. Beldock, P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur.

■ BENNETT EXCAVATORS CORP., Respondent, v. LASKER-GOLDMAN CORPORATION, Defendant and Third-Party Plaintiff-Appellant, and STANDARD ACCIDENT INSURANCE COMPANY, Third-Party Defendant-Respondent. STANDARD ACCIDENT INSURANCE COMPANY, Third-Party Plaintiff-Respondent, v. JAMES V. BENNETT et al., Third-Party Defendants-Respondents.— In an action by a subcontractor, Bennett Excavators Corp., against the general contractor, Lasker-Goldman Corporation, to recover for work, labor and services, and for materials furnished (first cause of action), and to recover damages for breach of contract (second cause of action), in which: (a) the defendant Lasker corporation interposed a counterclaim against plaintiff to recover damages for breach of contract and a third-party complaint against Standard Accident Insurance Company, based upon its liability under a performance bond; and (b) the said insurer Standard interposed a cross claim against the plaintiff subcontractor, together with a third-party complaint against its two individual officers based on their liability under an indemnity agreement, the general contractor, defendant Lasker corporation, appeals from a judgment of the Supreme Court, Kings County, entered September 27, 1963 after trial, upon a jury's verdict in the plaintiff's favor on both causes of action and dismissing the counterclaim and both third-party complaints. Judgment reversed on the law and the facts; complaint dismissed on the law; action severed as to the counterclaim, the cross claim and the third-party complaints; and new trial granted as to all the issues raised by the pleadings in response to such counterclaim, cross claim and third-party complaints, with costs to abide the event. We find no evidence in the record to support the jury's verdict. In the interests of justice a new trial is granted with respect to the counterclaim, the cross claim and the third-party claims. Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.